[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15958
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00150-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LENARD SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 17, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Lenard Sanders appeals his 92-month sentence imposed after pleading

guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g). On appeal, he argues that the district court clearly erred in finding that this conviction was his fourth firearm conviction, and thus that, because the court sentenced him based on this erroneous factual finding, his sentence is procedurally unreasonable. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] "A factual finding is clearly erroneous when although there is evidence to

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotation omitted). "Although review for clear error is deferential, a finding of fact must be supported by substantial evidence." Id. The district court "may base its factual findings on undisputed statements found in the PSI [presentence investigation report], because they are factual findings to which the defendant has assented." United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009). "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them." Id. at 844 (quotations omitted).

If we conclude that the district court did not procedurally err, we typically consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010).

Here, the district court did not clearly err with regard to Sanders's criminal history. First, to the extent that Sanders argues that his sentence was based on the

court's erroneous factual finding that he had four "firearm convictions," this argument lacks support in the record. The district court did state initially that the instant conviction was the "fourth firearm conviction involving Mr. Sanders," but the court then described each of the previous three convictions as offenses "involving" firearms. The court's description of those offenses, as well as the court's assertion that it had heard the parties' arguments and reviewed the PSI, indicates that the court was aware of the nature of the previous convictions. Furthermore, when Sanders objected to the court's characterization of his 2002 offense as being a "firearm conviction," the court's response -- that the 2002 offense "involved" a firearm, that the court was aware that Sanders was not "charged with a firearm" for that offense, and that the instant firearm conviction was his "fourth offense involving a firearm" -- shows that the court was aware that he had not actually been convicted of firearm offenses in the past, and that the court's sentencing decision was based on the fact that each of those previous convictions "involved" firearms.

Moreover, the record supports the court's factual finding that the instant conviction was Sanders's fourth conviction that involved firearms. According to the PSI, Sanders had three previous convictions involving firearms: (1) in 1995, he used a firearm to forcibly take money from another person, which resulted in a conviction in 1998 for robbery by force; (2) in 2002, he possessed drugs and a loaded firearm,

which resulted in a 2003 conviction for drug possession and forgery; and (3) in 2004, he used a firearm when he entered a house and held the occupants at gun point, which resulted in convictions in 2005 for burglary and aggravated assault. To the extent that Sanders attempts to argue that the court should not have relied on these statements from the PSI, he failed to object to the PSI's factual statements regarding his prior convictions and, thus, cannot now challenge these undisputed statements. See Beckles, 565 F.3d at 843-44.

Finally, as to Sanders's argument that the prosecution misrepresented his 1998 conviction for "robbery by force" by characterizing it incorrectly as an "armed robbery," it is notable that Sanders admitted during the sentencing hearing that he initially was charged with armed robbery but then pled guilty to robbery by force, and also that the PSI said that the charge of armed robbery was dismissed. Given that he was charged with armed robbery and that the offense involved the use of a gun to rob someone, Sanders cannot show that the government's statement was a misrepresentation of his offense. Furthermore, there is no indication in the record that the court was misled at sentencing into believing that Sanders actually was convicted of armed robbery. Accordingly, because Sanders has failed to show that his sentence is procedurally unreasonable, we affirm.[2]

**AFFIRMED.**

---

[2] Sanders has not argued that his sentence was substantively unreasonable.

5